# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **R.H. and E.H.**

**No. 15-1182** (Kanawha County 14-JA-210, 14-JA-211, & 14-JA-321)

## MEMORANDUM DECISION

Petitioner Father D.H., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's November 4, 2015, order terminating his parental rights to R.H. and E.H., and his custodial rights to H.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that he did not comply with the terms of his pre-adjudicatory improvement period such that he was entitled to an extension thereof.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition against the parents and alleged domestic violence in the home, failure to protect the children, substance abuse, and untreated mental health issues, among other allegations. Prior to filing the petition, the DHHR instituted a safety plan in the home, but it was unsuccessful. Also prior to the petition's filing, the DHHR instituted a protection plan, but this similarly did not correct the conditions of abuse and neglect in the home. Moreover, the mother was pregnant at the time the alleged domestic violence incidents occurred. The petition further alleged that the mother's mental health prevented her from being an appropriate parent and that the couple's anger and self-control issues prevented them from proper parenting.

---

[1]The record shows that petitioner is not the biological father of H.J. On appeal, petitioner raises no argument in regard to the circuit court's termination of his custodial rights to this child. As such, H.J. is not the subject of this appeal.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

The circuit court held a preliminary hearing in August of 2014, during which it was established that the DHHR would offer the parents services, including psychological evaluations, anger management, and parenting and adult life skills education. Thereafter, the DHHR filed an amended petition in October of 2014 to include additional allegations against the parents and to include E.H., born in September of 2014, as an infant respondent. Then, in November of 2014, the circuit court returned all three children to petitioner's care under an in-home safety plan. However, in January of 2015, the DHHR removed the children from petitioner's care and placed them back in a relative foster care home.

In February of 2015, the circuit court held an adjudicatory hearing in regard to petitioner and ultimately granted him a pre-adjudicatory improvement period. Then, in June of 2015, the DHHR filed a second, amended petition to include additional allegations against the parents. In August of 2015, the circuit court held a second adjudicatory hearing in regard to petitioner and found him to be an abusing parent. Thereafter, the circuit court held a dispositional hearing in October of 2015. Petitioner failed to attend but was represented by counsel. During the dispositional hearing, the circuit court was presented with substantial evidence regarding petitioner's failure to complete the terms and conditions of his improvement period or otherwise comply with services. This included instances of domestic violence between petitioner and the mother as recently as August of 2015 that were so severe that furniture was broken; petitioner's failure to submit to a drug screen since July of 2015; multiple drug screens positive for marijuana; an incident in September of 2015 during which petitioner assaulted a woman for speaking about his family that resulted in petitioner's arrest; and an inability to sustain rent, among other evidence. Ultimately, the circuit court terminated petitioner's parental rights to R.H. and E.H., and his custodial rights to H.J. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner an extension to his pre-adjudicatory improvement period.

Pursuant to West Virginia Code § 49-4-610(6), a circuit court may grant an extension to an improvement period when it finds "that the [parent] has substantially complied with the terms of the improvement period . . . ." On appeal, petitioner argues that he satisfied this burden by completing domestic violence education and providing predominantly negative drug screens, among other factors. The Court, however, does not agree. While it is true that petitioner completed educational classes designed to remedy issues of domestic violence, the record shows that this education was "to no avail as he . . . engaged in numerous domestic disputes afterwards." Indeed, the record shows that in August and September of 2015, roughly one month prior to the dispositional hearing, petitioner allegedly engaged in multiple violent incidents. Specifically, he allegedly engaged in "several domestic altercations" with the mother shortly after her parental rights to the children were terminated and also allegedly assaulted a woman for speaking about his family, an incident for which he was arrested. Further, petitioner's argument regarding drug screens ignores two important facts. The first is that petitioner failed to comply with mandatory drug screening after July of 2015. The second is that petitioner failed to follow the recommendation of his psychological evaluation and submit to counseling and substance abuse treatment. As such, it is clear that petitioner did not substantially comply with the terms of his improvement period, as the underlying conditions of abuse and neglect continued unabated throughout the lengthy period this matter was pending. For these reasons, we find no error in the circuit court denying petitioner an extension to his pre-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 4, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II